

January 8, 2025

Via CM/ECF

Ms. Kelly L. Stephens
Clerk of Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202-3988

      Re:    Supplemental Authority in *Tenn. Conference of the NAACP v. Hargett*, No. 24-5546

Dear Ms. Stephens,

Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, Plaintiff-Appellee Tenn. Conference of the NAACP respectfully submits supplemental authority addressing evaluation of organizational standing following the Supreme Court's decision in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), which is a key issue in this appeal.

Last week, this Court decided *Fair Housing Center of Metropolitan Detroit v. Singh Senior Living, LLC*, _ F.4th _, 2025 WL 16385 (6th Cir. Jan. 2, 2025). There, this Court explained that *Alliance* "clarified" standing under *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). *Fair Hous. Ctr.*, 2025 WL 16385 at *1. This Court held that under *Havens* and *Alliance*, "the court must find that the organization has alleged and shown that the conduct challenged in the suit interfered with the organization's 'core business activities,'" such as "interfere[nce] with the counseling and referral services that a housing organization provided." *Fair Hous. Ctr.*, 2025 WL 16385 at *1 (quoting *Alliance*,

602 U.S. at 395). This holding confirms that Plaintiff-Appellee's interpretation of *Alliance* is correct. Resp. Br. at 10-13.

In *Fair Housing Center*, this Court remanded the case "for further discovery and argument," to "give the district court adequate opportunity in the first instance to assess the issue of standing anew, in light of *Alliance*, on a fully developed record." 2025 WL 16385 at *2. *Fair Housing Center* reinforces that, as Plaintiff-Appellee has argued, this is the appropriate resolution if this Court does not view the current record on appeal as sufficient to establish standing under *Alliance*'s clarification of the *Havens* standard. *See* Resp. Br. at 20-21 & n.6.

Sincerely,

/s/ *Danielle M. Lang*
Danielle M. Lang
*Counsel for Plaintiff-Appellee*