STATE OF TENNESSEE

Office of the Attorney General



JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER

P.O. BOX 20207, NASHVILLE, TN 37202
TELEPHONE (615)741-3491
FACSIMILE (615)741-2009

January 9, 2025

Kelly L. Stephens
Clerk of Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3988

**Re: Supplemental Authority in *Tenn. Conf. of the NAACP v. Hargett*, Case No. 24-5546**

Dear Clerk Stephens:

Appellants submit this letter in response to the Appellee's notice of supplemental authority filed on January 8, 2025. For two reasons, *Fair Housing Center of Metro. Detroit v. Singh Senior Living, LLC*, 2025 WL 16385 (6th Cir. Jan. 2, 2025), does not support the NAACP.

First, that decision confirms the State's position "that the expenditure of resources in opposition to a defendant's actions, standing alone, is insufficient to establish standing under *Havens*." *Id.* at *1; Appellant Br. 19-22. Moreover, unlike in *Fair Housing Center* and *Havens*, the NAACP does not argue that the Documentation Policy violates the organization's statutory rights. Appellant Br. 23-24. Nor could they: That policy only "regulates other parties." Reply Br. 4. So *Fair Housing Center* does not "confir[m]" the NAACP's standing arguments are "correct." Dkt. 48, 2.

Second, that decision does not support a remand. Unlike in *Fair Housing Center*, which involved the same statutorily based informational

1

injury in *Havens*, 2025 WL 16385, at *2, it would be futile to reopen discovery here. The NAACP cannot prove standing under *Havens* as a matter of law because it does not allege a direct violation of its own legal rights that concretely affects its core activities. Appellant Br. 22-27.

And even if the organization in renewed discovery mustered new proof that it diverts resources, those costs are too attenuated as a matter of law to be traceable to the challenged conduct. Appellant Br. 27-31; Reply Br. 8-9. The alleged injury in *Fair Housing Center* was directly sustained by the defendants providing false information to the plaintiff. But here, the NAACP only incurs costs if third parties not before the court (1) voluntarily choose to attend an event where NAACP staff are present, (2) voluntarily choose to speak with NAACP staff at that event, (3) voluntarily choose to apply for voter registration, (4) voluntarily fail to bring the required documents, and then (5) voluntarily choose to enlist the NAACP staff's assistance. This case thus materially differs from *Fair Housing Center* because, no matter what further discovery uncovers, causation cannot be satisfied given that attenuated chain.

Respectfully,

/s/ *Philip Hammersley*
Philip Hammersley
*Senior Assistant Solicitor General*

State of Tennessee
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202
Philip.Hammersley@ag.tn.gov

*Counsel for Defendants-Appellants*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 6 Cir. R. 25(f), I certify that a true and exact copy of this letter has been filed via the Court's electronic filing system on January 9, 2025. That system sends a Notice of Docket Activity to all registered attorneys in this case. Under 6 Cir. R. 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

/s/ Philip Hammersley
Philip Hammersley