No. 24-5546

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

TENNESSEE CONFERENCE OF THE NATIONAL ASSOCIATION
FOR THE ADVANCEMENT OF COLORED PEOPLE,

*Plaintiff-Appellee,*

v.

TRE HARGETT & MARK GOINS,

*Defendants-Appellants.*

On appeal from the United States District Court
for the Middle District of Tennessee
No. 3:20-cv-1039

**Notice of the Defendants-Appellants'
Regarding the Enactment of Legislation**

Jonathan Skrmetti
*Attorney General and Reporter*

Zachary Barker
*Senior Assistant Attorney General*

Dawn Jordan
*Special Counsel*

J. Matthew Rice
*Solicitor General*

Philip Hammersley
*Assistant Solicitor General*

State of Tennessee
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202
Philip.Hammersley@ag.tn.gov

*Counsel for Defendants-Appellants*

Defendant-Appellants, Tennessee Secretary of State Tre Hargett and Coordinator of Elections Mark Goins, give notice of legislative developments relevant to this appeal. The Tennessee General Assembly recently passed House Bill 0445/Senate Bill 0407 ("Bill"), and the Governor signed the Bill into law on May 2, 2025. *See* 2025 Tenn. Pub. Acts, ch. 298, https://publications.tnsosfiles.com/acts/114/pub/pc0298.pdf, Ex. 1. The Bill overhauls the process for restoring voting rights in Tennessee and restores by operation of law the voting rights of individuals convicted of a felony prior to January 15, 1973. *Id.*

Tennessee law forbids felons convicted of a felony during a certain time period from voting unless they have fulfilled certain requirements. *See* Tenn. Code Ann. §§ 2-2-139(a); 2-19-143; 40-29-101 through -104. Because some but not all felons qualify to vote, election officials must distinguish between ineligible felons and eligible felons when reviewing voter-registration applications. Tennessee's election officials, exercising their power to develop procedures "for verifying the registration eligibility of any person convicted of an infamous crime," Tenn. Code Ann. § 2-2-139(c), implemented the Documentation Policy. That procedure required felons

1

who have previously forfeited their voting rights to submit documentary proof that they are eligible to vote.

Plaintiff-Appellee Tennessee State Conference of the NAACP ("NAACP") sued various state officials and raised challenges to the Documentation Policy claiming that it violates the National Voter Registration Act's ("NVRA") requirements (1) that States "accept and use" the Federal Form, (2) that States request only information "necessary" to assess voter eligibility, (3) that States "ensure" that "eligible voters" are registered, and (4) that States maintain voter rolls in a "uniform" and "nondiscriminatory" manner. *See* Memo. ISO MSJ, R.1 54 at 2294-2306.

The recent legislative changes have changed what documents, if any, an applicant must submit along with a voter registration application, and the legislative changes will require an updated voter-registration form. Because individuals with felony convictions prior to January 15, 1973, are restored by operation of law, 2025 Tenn. Pub. Acts, ch. 298, § 4(b), the State will not require individuals with only felony convictions that occurred on or before May 17, 1981, to submit additional documentation when registering to vote. *See* Eligibility to Vote after a Felony Conviction Document, Ex. 2. For individuals convicted after May 17,

1981, the Secretary of State and Coordinator of Elections are still evaluating what documentation, if any, will be required to be submitted with a voting-registration form. But at this time, no updated voter-registration form has been issued.

And even if it had, because "[i]ssues of standing … and mootness [both] implicate this court's jurisdiction," the Court "may 'address' jurisdictional issues in any order [it] choose[s]." *Am. Coll. of Pediatricians v. Becerra*, 2024 WL 3206579, at *2 (6th Cir. June 27, 2024) (quoting *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023)). The Court should hold that the NAACP lacks standing and vacate the judgment below with instructions to dismiss Count 6 for lack of jurisdiction.

Dated: May 5, 2025         Respectfully Submitted,


Jonathan Skrmetti
*Attorney General and Reporter*

J. Matthew Rice
*Solicitor General*

Philip Hammersley
*Assistant Solicitor General*

Dawn Jordan
*Special Counsel*

/s/ *Zachary Barker*
Zachary Barker
*Senior Assistant Attorney General*

State of Tennessee
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202
Philip.Hammersley@ag.tn.gov

*Counsel for Defendants-Appellants*

**CERTIFICATE OF SERVICE**

On May 5, 2025, I filed an electronic copy of this notice with the Clerk of the Sixth Circuit using the CM/ECF system. That system sends a Notice of Docket Activity to all registered attorneys in this case. Under Sixth Circuit Rule 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

/s/ *Zachary Barker*
Zachary Barker
Senior Assistant Attorney General